Ruffin, C. J.
The plaintiff would be entitled to a decree for a conveyance of the slaves, if the defendant had them in possession. It is true, as the defendant says, the penalty was the law of their contract, limiting the sum which could have been recovered from the defendant in an action of debt. But equity disregards penalties. If the penally here had been ten times as much, the defendant would have then thought it reasonable and equitable, that he should be relieved from it by performance of the act, upon the non-performance of which the penalty accrued by strict law. So, the other side is not restricted to his legal remedy by an action for the penalty, but may claim an execution of the contract, as it is understood in this Court; that is, as a stipulation, without reference to the penalty, to do the several things stated in the condition.
The negroes, however, have been sold; and several questions are made, how far the defendant is thereby discharged. As to Jim, there is no allegation in the answer that Mrs. Gordon directed or even assented to the sale made by the defendant, and therefore the defendant is undoubtedly liable for him. The defences as to Harriett must also, we think, all fail. In the first place, it Is clear that Mrs. Gordon had parted from all control over her, except for the term of her life. Her conveyance was by deed, in part for a valuable consideration in *405 respect of Thomas Brown’s debt; and,' moreover, good without that circumstance, inasmuch as the St. 27 Eliz. (Rev. Stat. ch. 50, sec. 2,) in favour of purchasers,- does not embrace personal chattels. McKee v. Houston. 3 Murp. 429. Still less can a sale to raise a fund for the payment of legacies defeat a bona fide voluntary conveyance to or for a grand-son. For the same reason that in this Court the penalty is not respected, the acts of Mrs. Gordon in making or assenting to a sale of the negroes cannot affect the interest of the plaintiff. The form of the contract is nothing. The substance is, that upon the death of that lady, the defendant became the trustee of the slaves for the plaintiff, subject to the incumbrance of Thomas Brown’s debt.
But, setting aside all those considerations, the defence fails for want of proof. There is no evidence, that Mrs. Gordon sold or agreed to the sale of either of the negroes. On the contrary the only evidence upon the point, except the answer, are the letters of the defendant, in which he assumes the act, as exclusively his own. Then, it is the common case of a trustee undertaking of his own head, and without the concurrence or .knowledge of the cestui que trust, to dispose of the trust property ; and he must undoubtedly make it good, by answering for the value, at the least. If the cestui que trust chooses, he may claim the price got by the trustee, however far above the value ; for a trustee can make no profit for himself, though he may lose by a breach of trust. But if the cestui que trust claim the price, he must take it in its actual state ;• for when he follows the fund, he gets it as it is-. Therefore the plaintiff cannot charge the defendant with $1000 for Harriett (if that exceeds her value) without accepting the money collected by the defendant and the sureties held by him for the residue. But he has the right to take the sum of $637, received for Jim, as his counsel says, he is content to do ; and, at his election, to have a decree for the present value of Harriett, and her issue, if any, or *406 for the sum received by the defendant and the securities for the residue of the price ; and to those ends he may have ail necessary enquiries.
Per Curiam.
Decreed accordingly.